716 So.2d 26 (1998)
William C. RICHARDSON, Plaintiff-Appellant,
v.
Jackie O'NEAL, John Sells, Bobby Abraham, Sgt. Leach, Lt. Robinson, Lt. Alan Potts, Sgt. S.T. Davis, Deputy Cole, Deputy Ivy Scott, Deputy Deboise and Deputy Tumbrello, Defendants-Appellees.
No. 30599-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
*27 William C. Richardson, Plaintiff-AppellantPro se.
Cook, Yancey, King & Galloway by Edwin L. Blewer, Jr., James R. Sterritt and Gregg A. Wilkes, Shreveport, for Defendants-Appellees.
Before STEWART, CARAWAY and PEATROSS, JJ.
PEATROSS, Judge.
In this action seeking a temporary restraining order/preliminary injunction, William C. Richardson ("Plaintiff") appeals the adverse judgment of the trial court which dismissed his suit with prejudice. For the following reasons, we affirm the judgment of the trial court.

FACTS
On December 3, 1996, Plaintiff and several other inmates filed a Petition for Temporary Restraining Order or Preliminary Injunction alleging inadequate conditions of confinement. Named defendants in the suit were Lt. Jackie O'Neal, John Sells, Bobby Abraham, Sgt. Leach, Lt. Robinson, Lt. Alan Potts, Sgt. S.T. Davis, Deputy Cole, Deputy Ivy Scott, Deputy Deboise, Deputy Tumbrello, Don Hathaway, Rev. Whitaker, Al Solomon, Danny Dumas, Ken Epperson, Ron Webb, Hersey Wilson, Donald Aytch, Forrest Davis, Comm. Williams, Comm. Escude, Comm. Brown, Comm. Morris, Comm. Gillen, Comm. Wyndon, Dep. Singleton and Dep. McCullough. Lt. Jackie O'Neal, John Sells, Bobby Abraham, Sgt. Leach, Lt. Robinson, Lt. Alan Potts, Sgt. S.T. Davis, Deputy Cole, Deputy Ivy Scott, Deputy Deboise and Deputy Tumbrello ("Appellees") were never served with citation, the petition or any documents related to the suit. On motion of Don Hathaway, Al Solomon and Reverend Whitaker the trial court consolidated this suit with a suit previously filed by Plaintiff which did not name Appellees as defendants.
Appellees filed a Declinatory Exception of Insufficiency of Citation and Service of Process on February 3, 1997. This exception was sustained and Plaintiff was granted 15 days to cure this defect. The trial court also stated that if the defect was not cured by March 11, 1997, the suit would be dismissed with prejudice. As requested by Plaintiff, the Caddo Parish Sheriff's office served citation and a copy of the motion for the request of service upon Gregg Wilkes as attorney of record for Appellees.
Since Plaintiff failed to properly serve Appellees within the time allowed, Appellees filed a second Declinatory Exception of Insufficiency of Citation and Service of Process *28 which resulted in the dismissal with prejudice of Plaintiff's claims against Appellees.

DISCUSSION
In his only assignment of error, Plaintiff argues that the trial judge abused his discretion and committed reversible error by dismissing Plaintiff's suit with prejudice due to insufficient service of citation and process. Plaintiff asserts unsupported allegations that the Caddo Parish Clerk of Court lost documents in which proper service was requested. He also contends that the service upon Gregg Wilkes on March 6, 1997, was adequate service upon Appellees. Finally, Plaintiff argues that dismissal with prejudice is not appropriate in this case because Plaintiff attempted to comply with, rather than ignore, the judge's order.
La. C.C.P. art. 6 provides in pertinent part:
A. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
1) The service of process on the defendant, or his agent for the service of process.
La. C.C.P. art 1201 states in pertinent part:
A. Citation and service thereof are essential in all civil actions.... Without them all proceedings are absolutely null.
La. C.C.P. art. 1312 provides in pertinent part:
Except as otherwise provided in the second paragraph hereof, every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable.[1]
Proper citation is the foundation of all actions. A fundamental principle of law is that no valid judgment can be rendered in any case where the defendant has not been informed of the suit in strict compliance with the law. Actual knowledge of the existence of an action cannot supply the want of citation. Kimball v. Kimball, 93-1364 (La.App. 1st Cir. 5/20/94), 637 So.2d 779; Scullin v. Prudential Insurance Co., 421 So.2d 470 (La. App. 4th Cir.1982).
La. C.C.P. arts. 1312 and 1314 allow service of pleadings, except the original petition, upon the attorney of record. Implicit in the exclusion of the original petition in arts. 1312 and 1314 is the fact that the original petition and citation must be served on the named defendant. In addition, we note that Appellees', through attorney Gregg Wilkes, made an appearance only to object to the failure of service of citation and process and, thus, did not make a general appearance. As such, Appellees did not have a "counsel of record" as intended by La. C.C.P. art. 1312, et seq. See Sewerage & Water Board of New Orleans v. The Cumulus, 172 F.2d 102 (5th Cir.1949) wherein the court concluded that:
A defendant who appears through counsel, specially, to bond property attached and to remove the cause to the federal court is before the court for no other purpose. Neither under local law nor under the Federal Rules of Civil Procedure may he thereafter be brought into court through service on his special counsel.
For these reasons, Plaintiff's service of the citation upon Gregg Wilkes was not sufficient service upon the Appellees.
Plaintiff also contends that the trial judge should not have dismissed his suit with prejudice because he did attempt to comply with the trial judge's order to remove the grounds for Appellees' declinatory exception. We disagree with Plaintiff and affirm the dismissal with prejudice.
Since the sanction of dismissal of a lawsuit is a drastic remedy, it should be imposed only in extreme circumstances and after all procedural safeguards have been followed. Henson v. Copeland, 451 So.2d 41 (La.App. 2d Cir.1984). The trial court's decision to dismiss a case with or without prejudice is reviewed on appeal pursuant to an abuse of discretion and manifest error standard. *29 Archer v. Tudor Const. Co., 94-850 (La.App. 3d Cir. 2/15/95), 649 So.2d 1251. La. C.C.P. art. 932 provides:
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
A hearing was held on Appellees' declinatory exception at which Plaintiff was present. The trial judge, in accordance with La. C.C.P. art. 932, allowed Plaintiff the opportunity to remove the grounds for Appellees' objections, but Plaintiff failed to comply with this order. The trial judge's order following the hearing on Appellees' declinatory exception clearly warns that Plaintiff's suit would be dismissed with prejudice if he did not comply with the order. Since Plaintiff was able to properly serve the sheriff's deputies who were named as defendants in his previously filed suit, he cannot claim that he was unaware of the procedures required for proper service of citation and process. For these reasons, we affirm the trial court's dismissal of Plaintiff's suit with prejudice.

CONCLUSION
For the foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] La. C.C.P. art. 1314 allows pleadings which are required to be served by means other than mail or delivery to be served by the sheriff personally on the counsel of record of the adverse party.