LPETERS, Judge.
These consolidated cases arise from an automobile accident which occurred in Iberia Parish on May 15, 1997, involving an automobile driven by Roger Pisani and a eighteen-wheel truck driven by Michael Pierre. In the first action filed, James Pisani (a guest in passenger Roger Pisani’s automobile) and his wife, Jacqueline Pisa-ni, filed suit to recover for injuries sustained in the accident, and named as defendants, Michael Pierre; Ethel Hart Transportation Company (Ethel Hart), Pierre’s employer and owner of the truck and trailer being driven by him; Commerce and Industry Insurance Company (Commerce Insurance), the liability insurer of the truck; Roger Pisani; and The Prudential Insurance Company (Prudential Insurance), Roger Pisani’s liability insurance carrier. This action was consolidated with a later action filed by Roger Pisani individually, and on behalf of his minor child, Garret Charles Pisani. In the second suit, Roger Pisani named as defendants, Michael Pierre, Commerce Insurance, and Ethel Hart. In subsequent amending petitions, both sets of plaintiffs joined Gulf State Cartage, Inc. (Gulf State) as an additional defendant, asserting that Gulf State was also an owner of the truck and trailer driven by Pierre.
This appeal relates only to the first suit and arises out of a trial court judgment granting an involuntary dismissal on behalf of Roger Pisani and Prudential Insurance as to the claim filed against them by James and Jacqueline Pisani. James and Jacqueline Pisani do not complain of this judgment, but rather the appellants are Michael Pierre, Commerce Insurance, Ethel Hart, and Gulf State, who claim an interest in the dismissed claim by virtue of a settlement confected between themselves and James and Jacqueline Pisani. For the following reasons, we affirm the trial court’s judgment in all respects.
At the request of James and Jacqueline Pisani, the trial court set a trial date of 12June 14, 1999. However, on April 19, 1999, James and Jacqueline Pisani entered into mediation with all of the defendants in their suit except Roger Pisani and Prudential Insurance. This resulted in an settlement agreement as to that portion of the consolidated claims. However, the parties did not reduce the agreement to writing at that time. Nine days later, on April 27, 1999, Commerce Insurance, Gulf State, and Ethel Hart filed a third-party demand against Roger Pisani, seeking indemnification or contribution from him in the event a judgment was rendered against them in favor of James and Jacqueline Pisani. The pleading did not mention the mediation settlement.
The trial court conducted a pretrial conference on May 6, 1999, but neither James and Jacqueline Pisani nor their counsel participated. The record contained a written pretrial stipulation which, among other matters, discussed the alleged injuries to James Pisani and the fact that “[Commerce Insurance] on behalf of its insureds settled the James Pisani ease for $612,-500.00.” The stipulation further asserted *775 that the only issue for the trial court to determine was “[t]he happening of the accident, the cause thereof and the fault of both Roger Pisani and Michael Pierre.”
On the same day, May 6, 1999, Roger Pisani and Prudential Insurance filed exceptions of no cause of action and prescription to the April 27 third-party demand. At a hearing held May 19, 1999, the trial court granted the exception of no cause of action but declined to rule on the prescription exception, finding that its judgment on the exception of no cause of action rendered that exception moot. The third-party plaintiffs did not appeal this judgment.
During the trial court argument on the exceptions, counsel for the third-party plaintiffs acknowledged that they had yet to obtain an assignment of rights from Is James and Jacqueline Pisani as had been contemplated by the mediation settlement; he did not know whether it would be perfected before the June 14 trial date; and after the trial court’s ruling on the exception of no cause of action, there was “nothing” left.in the case for the trial court to consider. Additionally, reference was made to a pretrial order, issued by the trial court, setting a May 21,1999 deadline for the third-party plaintiffs to obtain an assignment from James and Jacqueline Pi-sani.[1] Concerning the pending trial date, the following exchange took place:
[THE COURT]
Well, maybe we can handle it this way. You want to bump the trial date and see if you get a subrogation?
[COUNSEL FOR ROGER PISANI]
Well, you know, I’m inclined to hold [counsel for third-party plaintiffs’] feet to the fire. If he wants to try a case on June 14th, I’m ready to do that. I mean, but, you know, he’s-there is no allegation whatsoever.
[THE COURT]
Right.
[COUNSEL FOR ROGER PISANI]
In other words-and my clients have not been released by the plaintiffs. So, if I come in here on June 14th and nobody’s ready to try this case and the plaintiff is not here and [counsel for third-party plaintiffs] hasn’t perfected his rights, my client should be dismissed.
[COUNSEL FOR THIRD-PARTY PLAINTIFFS]
I think it’s premature at this time, Your Honor. I anticipate that I may be able to get that subrogation. And I think-you know, as it stands right now, there is nothing before Your Honor for June 14th with the granting of the no cause of action. That doesn’t preclude my filing at a later date, should I be able to get a subrogation assignment from the plaintiff which I do not have now.
[COUNSEL FOR ROGER PISANI]
Judge, there’s a jury trial set on June 14th. And my client is a defendant, and I’m ready to go to trial on June 14th.
I ¿[THE COURT]
All right. Are you asking for a continuance?
[COUNSEL FOR THIRD-PARTY PLAINTIFFS]
Yes, Your Honor.
[THE COURT]
And the reason being that-
[COUNSEL FOR THIRD-PARTY PLAINTIFFS]
Procedurally, I have nothing to go forward with at this time.
[THE COURT]
And really it’s not-it has not been your fault that the document has not been executed. It’s not because of your delay.
[COUNSEL FOR THIRD-PARTY PLAINTIFFS]
*776 No. It’s just the exchange of the funds of the settlement on the principle demand.
[THE COURT]
Well, I’m going to grant your request, because I think you would be prejudiced as a result of something that you have no control over. So I’m going to grant your request. Are you requesting that you be allowed to submit-to submit the assignment or subrogation agreement before the trial and go to trial, or you just want to bump the trial date?
[COUNSEL FOR THIRD-PARTY PLAINTIFFS]
I’d prefer to bump the trial, Your Honor, since it’s only on June 14th.
[THE COURT]
And you?
[COUNSEL FOR ROGER PISANI]
I’m ready for trial, Your Honor.
[THE COURT]
All right. Well, I’m going to hold y’all to the trial date. If you don’t have it by the 14th, I’ll consider your motion to continue if you can present me with good cause.
Thus, initially the trial court indicated it would continue the June 14 trial without condition. Then, after comment by counsel for Roger Pisani, the trial court indicated that the trial date would be maintained subject to reconsideration of the motion for [¡¡continuance.
On June 10, 1999, the appellants filed a written motion to continue the June 14 trial based on the continued inability of Commerce Insurance, Gulf State, and Ethel Hart to obtain an assignment or subro-gation agreement from James and Jacqueline Pisani. The trial court deferred ruling on the motion until June 14.
When the matter was called for trial on June 14, only Roger Pisani and Prudential Insurance entered an appearance in open court. Their counsel immediately requested a dismissal with prejudice of James and Jacqueline Pisani’s action against them. The trial court ordered that they file a written motion for relief, which they did. A hearing on the motion was held on July 23,1999.
At the July 23 hearing, Commerce Insurance, Gulf State, and Ethel Hart finally announced to the trial court that, on July 19, 1999, they were finally able to obtain a written subrogation agreement from James and Jacqueline Pisani. They further asserted to the trial court that they did not appear on June 14 for trial because (1) they had no written subrogation agreement at the time and (2) in a conversation with the trial court approximately a week before the trial, he understood the trial court to inform him that “[the trial court] had other business that was scheduled that day and would not be getting to the Pisani matter.” In granting the dismissal without prejudice, the trial court made the following statement:
We go back-and there’s been a problem, and [counsel for Roger Pisani and Prudential Insurance] has been insistent upon the parties providing him with some evidence of a right to proceed against his clients. And we set some deadlines. And the May 21st deadline came and went. And I kinda’ left things, trying to hope that things could be resolved by the date of the trial, and which they still were not resolved. And actually at that point, there was still nothing that could be provided to [counsel for Roger Pisani and Prudential Insurance] that there was any evidence to have any right of action against his clients.
|fiSo based on the order at the pretrial and the failure of the party to comply with the pre-trial order, I’m going to order a dismissal without prejudice ....
The trial court signed a written judgment to this effect on July 23, 1999, and the appellants perfected this appeal.
*777 OPINION
On June 14, 1999, James and Jacqueline Pisani were still the plaintiffs of record, and they failed to appear for trial. Based on their failure to appear, counsel for Roger Pisani and Prudential Insurance, requested an involuntary dismissal of their suit. “A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.” La.Code Civ.P. art. 1672(A)(1) (emphasis added). In deciding whether the dismissal will be with or without prejudice, a trial court is afforded great discretion. Archer v. Tudor Constr. Co., 94-850 (La.App. 3 Cir. 2/15/95); 649 So.2d 1251. Additionally, a trial court’s dismissal of an action based upon a plaintiffs failure to appear for trial will not be reversed on appeal absent a showing that the trial court abused its discretion. Proctor v. Calahan, 95-210 (La.App. 3 Cir. 8/30/95); 663 So.2d 110. The propriety of a trial court’s grant of a motion for involuntary dismissal is subject to the manifest error standard of review. Heflin v. Sabine Ass’n of Retarded Citizens, 96-782 (La.App. 3 Cir. 12/26/96); 685 So.2d 665.
Given the record before us, we find no abuse of discretion on the trial court’s part in granting the involuntary dismissal without prejudice. The settlement agreement was reached on April 19, 1999, almost two months before the scheduled trial. The trial court set specific deadlines at the May 6 pretrial conference which the |7appellants failed to meet, and the trial court agreed, at the May 19 hearing, to consider a continuance motion based on “good cause.” The appellants failed to appear and argue their request for a continuance.
Additionally, we note that an involuntary dismissal under La.Code Civ.P. art. 1672(A)(1) is directed toward the plaintiff in a specific suit. When the matter came for trial, the plaintiffs of record were James and Jacqueline Pisani, not the appellants. In fact, although they now assert their rights under an assignment from James and Jacqueline Pisani, they have yet to request that they be substituted as party plaintiffs. Thus, the plaintiffs of record continue to be James and Jacqueline Pisani, and because of the trial court’s decision granting the previously mentioned exception of no cause of action as to the third-party demand, the appellants appear in this record only in their original capacity as defendants to the consolidated claims.
Because we choose to uphold the trial court’s decision on its merits, we need not decide whether the appellants have a right to bring this action. See La. Code Civ.P. art. 927. Accordingly, we find no clear error or abuse of discretion in the trial court’s rendition of an involuntary dismissal based on the plaintiffs’ failure to appear for trial.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court in all respects. We assess all costs of this appeal to the appellants, Michael Pierre, Commerce and Industry Insurance Company, Gulf State Cartage, Inc., and Ethel Hart Transportation Company.
AFFIRMED.

. This pretrial order is not a part of the appellate record, but all parties seem to agree as to its existence and the May 21 deadline.