772 So.2d 747 (2000)
Dimple SPEARS
v.
PARISH OF JEFFERSON, Parish of Jefferson, Parks Department, Parish of Jefferson, West Bank Recreation, State of La., John Doe, A.B.C. Ins. Company and E.E.F. Insurance Co.
No. 00-CA-332.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 2000.
*748 Jesse Clarence Brown, New Orleans, LA, for Plaintiff-Appellant.
Craig V. Sweeney, Tiffany T. Scott, Metairie, LA, for Defendants-Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
DUFRESNE, Judge.
This is an appeal by Dimple Spears, plaintiff-appellant, from a judgment dismissing her suit against the Parish of Jefferson and also sustaining an exception of prescription urged by the Parish. For the following reasons, that portion of the judgment dismissing the action is amended to provide that the dismissal is "without prejudice." That portion sustaining the exception of prescription is set aside.
Plaintiff filed suit against the Parish on November 27, 1995, alleging that she had tripped in the bleachers of a gymnasium operated by the Parish's recreation department. Plaintiff requested that service be made on the Department of Recreation at its administrative office, which was apparently done. The Parish urged the declinatory exception of insufficiency of service of process, arguing that La.Code Civ. Pro., Art. 1265 requires that service on a political subdivision be made on its chief executive officer or in his absence on one of his employees. On June 10, 1996, the exception was sustained and plaintiff was given 15 days to request service on the chief executive officer of the parish.
Neither plaintiff nor the Parish took any further action in the case until October 2, 1998, when plaintiff filed an amended petition and had it served on the Parish President. The Parish then urged a motion to dismiss the entire action based on the June 10, 1996, judgment sustaining the exception of insufficiency of service of process. It also urged an exception of prescription alleging that the earlier judgment operated as an automatic dismissal of the original suit and therefore that any claims arising out of the gymnasium incident had prescribed. The trial judge thereupon dismissed the entire matter with prejudice, and also sustained the exception of prescription. This appeal followed.
All of the issues here are procedural. The pertinent Louisiana Code of Civil Procedure articles are as follows. The exception of insufficiency of service of process is one of the declinatory exceptions enumerated in Art. 925. Pursuant to Art. 932, when such an exception is sustained and the grounds therefor may be removed, the plaintiff shall be given time to remove them; if the grounds cannot be removed or if the plaintiff fails to act within the time allowed "the action shall be dismissed." Article 923 sets out the functions of the dilatory exceptions as merely retarding the progress of the action, rather than defeating it. As such, any judgment of dismissal based on such an exception should be without prejudice. Otherwise, it would defeat the action because of the operation of res judicata upon any re-filed action. We therefore amend the judgment of February 24, 1999, dismissing this action "with prejudice," to provide that the dismissal be "without prejudice."
We are aware of the decision in Richardson v. O'Neal, 30,599 (La.App. 2nd Cir. *749 5/13/98), 716 So.2d 26, which upheld a dismissal of a suit with prejudice where plaintiff failed to serve the defendant within the time allowed upon the sustaining of an exception of insufficiency of service. That court ruled that dismissal of suits either with or without prejudice lies within the discretion of the trial judge, and in that matter it decided that there had been no abuse of that discretion. While we have serious reservations about whether a judgment dismissing a suit with prejudice is ever proper in the context of a declinatory exception, even if it were, we nonetheless would conclude here that the trial court had abused his discretion in doing so in this matter.
The second issue is whether the June 10, 1996, judgment sustaining the exception of insufficiency of service of process operated to automatically dismiss the action upon the expiration of 15 days. That judgment merely recited that plaintiff was granted 15 days within which to serve the chief executive officer of the Parish. It is silent as to possible dismissal of the suit in the event plaintiff failed to do so. While under Art. 932 the Parish would have been entitled to have the suit dismissed after the 15 day grace period had elapsed, it simply failed to file a motion to that effect until two and one half years later. That motion was granted on February 24, 1999, and that is therefore the date upon which the suit was dismissed in the trial court.
The last question here concerns prescription. Article 3463 of our Civil Code provides that the filing of a suit in the proper venue and jurisdiction interrupts prescription, and that this interruption continues as long as the suit is pending. Art. 3466 further provides that the time of interruption does not count toward prescription and that when the interruption ceases the prescriptive period runs anew.
In the present matter, the filing of the suit on November 27, 1995, interrupted prescription and that interruption will continue until the judgment of this court affirming its dismissal becomes final. Because there is no question that this suit was filed within one year of the alleged accident, the exception should clearly have been denied. We therefore set aside that portion of the judgment sustaining the exception of prescription.
For the foregoing reasons, that portion of the judgment of February 24, 1999, dismissing this suit "with prejudice" is hereby amended to provide that it be "without prejudice." the remaining portion of the judgment sustaining the exception of prescription hereby is set aside.
AMENDED IN PART, AND VACATED IN PART.