| PATRICIA RIVET MURRAY, Judge.
This is a nullity action. Granting defendants’ declinatory exception of insufficiency of service of process, the trial court dismissed this action. From that ruling, the plaintiff, Dodiyi William West, filed this pro se appeal. For the reasons that follow, we affirm the trial court’s ruling sustaining the exception, but remand for further proceedings pursuant to La. C.C.P. art. 932.

FACTUAL AND PROCEDURAL BACKGROUND

Mr. West commenced this action seeking to nullify this court’s decision in West v. Melancon, 99-1980 (La.App. 4 Cir. 10/4/00), 772 So.2d 166. In our opinion in Melancon, supra., we set forth the factual and procedural background of the underlying personal injury action. Simply stated, Mr. West filed the underlying action against Ronald and Catherine Melancon and Allstate Insurance Company (collectively “Defendants”) seeking to recover damages arising out of a June 25, 1983 motor vehicle accident. Although Mr. West ultimately prevailed in the trial court, this court found the evidence insufficient to support his claim for damages and thus reversed. Mr. West then applied for rehearing, which this court denied, and applied for writs to the Louisiana Supreme Court, which that court refused to | ^consider because the writ was untimely filed. 2001-281 (La.3/23/01), 787 So.2d 1006.
In October 2001, Mr. West commenced the instant action seeking to annul this court’s October 2000 decision in Melancon, supra, based on various allegations of *487 fraud and ill practice. In his petition, he requests that service be made on Defendants (“Mr. Melancon, et al”) through counsel, Mr. Harold Toscano. Defendants responded by filing an exception of improper service of process. Initially, Defendants’ exception was set for hearing on February 8, 2002. On Defendants’ motion, the hearing date was rescheduled to March 22, 2002. Apparently due to Mr. West’s claim that he had not received a copy of the exception, Defendants filed another copy into the record on March 18, 2002 and requested that the exception be served on Mr. West. On that copy of the exception, March 22nd is typed in the order as the hearing date, but that date is scratched through and April 26th handwritten in its place.
On March 22nd, defense counsel appeared and argued the exception; Mr. West failed to appear. Following the hearing, the trial court sustained the exception and signed a judgment to that effect on April 1st. However, on April 26th, the same exception appeared on the trial court’s docket. On that date, Mr. West appeared. Given the circumstances — a possible computer error coupled with Mr. West’s absence from the prior hearing and pro se representation— the trial court allowed oral argument by both sides on the exception. Following those arguments, the trial court again sustained the exception.
Mr. West filed the instant pro se appeal, enumerating seven assignments of error. Opposing the appeal, Defendants argue that the sole issue is whether service |aof the nullity petition on Defendants’ attorney in the underlying tort suit was sufficient.

DISCUSSION

A nullity action is an ordinary proceeding and therefore must be commenced by petition and citation on the adverse party. O’Neill v. Sumrall, 481 So.2d 157, 159 (La.App. 4 Cir.1985). Essential elements in an ordinary proceeding are citation and service of process; “[without them, the proceeding against that defendant is an absolute nullity.” 1 Frank L. Mariast and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure, § 8.2 (1999).
The requirements for service of process in a nullity action are the same as in an ordinary action. Although the Code of Civil Procedure provides that subsequent pleadings may be served on the adverse party’s counsel of record, it mandates that the original petition be served on the defendant or his legal representative. “La. C.C.P. arts. 1312 and 1314 allow service of pleadings, except the original petition, upon the attorney of record. Implicit in the exclusion of the original petition in arts. 1312 and 1314 is the fact that the original petition and citation must be served on the named defendant.” Richardson v. O’Neal, 30,599, p. 3 (La.App. 2 Cir. 5/13/98), 716 So.2d 26, 28.
In the instant case, Mr. West’s service of the original nullity petition on Mr. Toscano, Defendants’ counsel of record in the underlying tort suit, was insufficient service on Defendants. The trial court thus correctly sustained Defendants’ exception of insufficiency of service of process. Our finding that the trial court correctly sustained that declinatory exception, however, does not necessarily dictate dismissal. Dismissal is a “drastic remedy” reserved for extreme | ¿circumstances in which all procedural safeguards have been followed. Richardson, 30,599 at p. 4, 716 So.2d at 29.
A procedural safeguard provided by the Code for this context is set forth in La. C.C.P. art. 932, which provides: “[w]hen the grounds of the objections pleaded in the declinatory exception may be removed *488 by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.” La. C.C.P. art. 932 (emphasis supplied). When the grounds for the exception is insufficiency of service of process, “the plaintiff usually can cure the defect by having a new citation issued and served.” Maraist & Lemmon, supra at § 8.2. For that reason, “the issue of improper citation usually arises in contests over the validity of a default judgment, and not by declinatory exception.” Id.
Applying these principles, we find that since the grounds for the objection — improper service of the original petition on former defense counsel — could be cured by Mr. West requesting and obtaining service of process on Defendants, the trial court erred in failing to allow him an opportunity to do so as required by La. C.C.P. art. 932.

DECREE

For the foregoing reasons, we affirm the judgment of the trial court sustaining the declinatory exception of improper service of process, but remand for further proceedings consistent with.this opinion.
AFFIRMED AND REMANDED.