WILLIAMS, J.
The plaintiff, Carrie Brown Singleton, appeals a judgment dismissing her suit with prejudice for failure to serve the defendants within the 60-day period set by a prior judgment sustaining an exception of improper service. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

On October 11, 2001, the plaintiff filed a petition to be recognized as a co-owner in indivisión of succession property. Plaintiff alleged that she was one of the children of the decedent, Eli Brown, Sr., who died intestate on October 27, 1985, and that the succession of Eli Brown, Sr., while recognizing the defendants as the heirs of the decedent, had omitted her as an heir. In her petition, plaintiff requested that the defendants [1] be served through their counsel of record, Michael E. Kramer (“Kramer”).
On October 30, 2001, Kramer filed an exception of improper service, which asserted that while he had been counsel of record in a previous suit that was dismissed by the trial court, he was not an attorney of record in the instant proceeding and the defendants could not be served through him.
The plaintiff did not make an appearance at the hearing on the exception. On December 5, 2001, the trial court signed a judgment sustaining the exception of improper service and allowing the plaintiff 60 days from the date the judgment was signed to effect proper service upon all the defendants. The court ruled that failure to comply with the court’s order would result in immediate dismissal of the suit with prejudice. The record reflects that notice of judgment was mailed to plaintiffs counsel on the same day.
Subsequently, Kramer filed a motion to dismiss asserting that more than 60 days had elapsed since the trial court’s December 5, 2001 judgment and that service on defendants individually had not been effected by plaintiff. The trial court signed the accompanying order dismissing plaintiffs petition with prejudice at her costs.[2] The record reflects that notice of the filing of the motion and order of dismissal was *1055 mailed to plaintiff via certified mail approximately one year later, on March 7, 2003.
On February 5, 2003, the plaintiff filed another petition seeking to be recognized as a co-owner in indivisión of the succession property and requesting service upon Kramer as attorney of record. Kramer filed an exception of improper service. Kramer again asserted that he was not an attorney of record in the proceedings before the trial court and that the plaintiff was required to personally serve each of the defendants with the petition. Kramer also filed a motion for payment of attorney fees and costs, asserting that plaintiffs filing of “the exact same petition” following dismissal constituted “an abuse of process, harassment, and frivolous attempt to obtain what has already been denied.”
On March 6, 2003, the defendants’ motion to dismiss and request for sanctions came for hearing. The trial court considered the exception of improper service and the motion for payment of attorney fees and costs. Kramer was present, but the plaintiffs attorney was not present, initially. The trial court granted the exception of improper service and also ordered the plaintiff to pay $500 in attorney fees as well as costs. However, the plaintiffs attorney appeared shortly thereafter and the trial court withdrew the award of sanctions, but maintained its decision on the exception. The plaintiff appeals the judgment of dismissal.

DISCUSSION

The plaintiff contends the court erred in dismissing her suit with prejudice due to insufficiency of service of process. Plaintiff argues that the provisions of LSA-C.C.P. art. 932 do not mandate that the trial court dismiss this case with prejudice, and that such a dismissal is “contrary to law, excessive as punishment, abuse of discretion and too harsh which all combine to deprive plaintiff of her constitutionally protected property rights.” In their brief, the defendants argue that at the time plaintiff filed the petition to be recognized as an owner, Kramer was not, and had never been, an attorney of record in the succession proceeding. They argue that under LSA-C.C.P. arts. 1312 and 1314, the plaintiff was required to personally serve each individual defendant with the original petition in order to proceed with her claim of co-ownership.
Insufficiency of service of process is a declinatory exception. LSA-C.C.P. art. 925(A)(2). The function of the declinatory exception is to decline the jurisdiction of the court. LSA-C.C.P. art. 923. When the grounds of the objections pleaded in a declinatory exception may be removed by amendment of the petition or other action of the plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the grounds cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed.[3] LSA-C.C.P. art. 932.
While it is true that Article 932 does not require an action to be dismissed with prejudice when a plaintiff fails to comply with an order requiring removal of the objection pleaded in the declinatory exception, neither does Article 932 mandate that the dismissal be without prejudice. In Richardson v. O’Neal, 30,599 (La.App.2d Cir.5/13/98), 716 So.2d 26, the appellees had filed a declinatory exception of insuffi *1056 ciency of citation and service of process in response to an inmate’s action seeking in-junctive relief. The trial court sustained the exception, and gave the plaintiff fifteen days to cure the defect or the suit would be dismissed with prejudice. The plaintiff failed to properly serve the appellees within the time allowed, and the court subsequently dismissed the plaintiffs claims against the appellees with prejudice. On appeal, the plaintiff argued that the trial court abused its discretion and committed reversible error by dismissing the lawsuit with prejudice. Although recognizing that the sanction of dismissal is a drastic remedy, this Court observed that a trial court’s decision to dismiss a case with or without prejudice is reviewed on appeal pursuant to abuse of discretion and manifest error standard. We noted that the plaintiff was present at the hearing on the appellees’ declinatory exception, and that the trial judge, in accordance with LSA-C.C.P. art. 932, had allowed the plaintiff the opportunity to remove the grounds for the objections, but the plaintiff had failed to comply with the order, despite the trial court’s specific warning that the suit would be dismissed with prejudice if she failed to comply. We then affirmed the trial court’s dismissal of the plaintiffs suit with prejudice.
Here, as in Richardson, the trial court, in accordance with LSA-C.C.P. art. 932, allowed the plaintiff the opportunity to remove the grounds for the objections raised in the exception, but she failed to heed the trial court’s clear warning that her suit would be dismissed with prejudice if she failed to comply. Although plaintiff was not present at the hearing on the declina-tory exception, notice of the judgment was mailed to her attorney of record on that same day, and she was given 60 days to comply with the court’s order. The record does not reflect that the plaintiff properly served defendants in compliance with the court’s order. Under these circumstances, as in Richardson, supra, we find no abuse of discretion by the trial court in dismissing the lawsuit with prejudice.
In reaching this finding, we are aware of the Fifth Circuit’s decision in Spears v. Parish of Jefferson, 00-332 (La.App. 5th Cir.10/18/00), 772 So.2d 747, which, citing Richardson, supra, expressed serious reservations about whether a judgment dismissing a suit with prejudice is ever proper in the context of a declinatory exception. Nevertheless, we have no such reservations in this context when the plaintiff has specifically been warned by the trial court that failure to remove the grounds of the objection, when such grounds could be removed, will result in a dismissal with prejudice. In such cases, the ability to avoid the dismissal with prejudice lies in the hands of the plaintiff, and if the plaintiff elects to disregard the court’s warning, then plaintiff does so at his or her peril.
An analogy may be drawn to an involuntary dismissal following a plaintiffs failure to appear on the day set for trial. In such a case, the trial court determines whether the judgment of dismissal shall be with or without prejudice. LSA-C.C.P. art. 1672(A)(1). In deciding whether the dismissal will be with or without prejudice, a trial court is afforded great discretion. Pisani v. Pierre, 00-0340, 00-0341 (La.App. 3d Cir.10/11/00), 771 So.2d 773. In this instance also, the plaintiff can take action to avoid a dismissal with prejudice, if the plaintiff chooses to act.
We also observe that plaintiffs counsel states in brief to this court that in July 1994, Singleton and another plaintiff filed a “Petition to be Declared Co-owners and Indivisión of Succession Property” that eventually “fizzled out” and that the defendants filed a motion for abandonment that was granted with prejudice on December 29, 1998. According to plaintiffs counsel, *1057 following a motion filed by appellant in February 1999, the lower court eventually amended the judgment of dismissal with prejudice to one without prejudice. These events may have contributed to the trial court’s decision to dismiss with prejudice in the instant matter.
Finally, we reject the plaintiffs due process argument which is based on the assertion that neither she nor her counsel received notice that the defendants had filed a motion to dismiss, and that neither she nor her counsel was informed of the judge’s order of dismissal. However, failure to send notice of the judgment of dismissal did not make the judgment a nullity, but simply prevented the appellate delays on the judgment from running; thus Singleton’s appeal, taken over a year later, still was timely. Furthermore, as far as notice of the dismissal motion itself is concerned, the provisions of LSA-C.C.P. art. 963 allow the ex parte granting of a written motion when it is one to which the mover is clearly entitled. Here, the trial court gave the plaintiff a fixed time within which to serve the defendants or suffer dismissal with prejudice. On the face of the record, such service was not made within the time allowed; thus, no supporting proof was necessary for the court to grant the defendants’ written motion. The order requested was one to which the defendants were clearly entitled, and plaintiff has offered nothing in her appellate brief that would suggest otherwise.
CONCLUSION
For the reasons set forth above, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the plaintiff, Carrie Brown Singleton.
AFFIRMED.

. The defendants named in the petition were Rebecca Brown Singleton, Eli Brown, Jr., Frances Brown Berry, Sarah Brown Nor-wood, Marria Brown Fields, Fannie Brown Thomas, Howard Ray Brown and Calvin Brown.

. Although both the motion and order were filed on April 2, 2002, the motion and order obviously had been presented to the trial court prior to filing because the order was signed on March 25, 2002.

. An exception to the requirement of dismissal occurs when an action has been brought in a court of improper jurisdiction or venue; in such cases, Article 932 allows a court to transfer the action to a proper court in the interest of justice.