NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-247

INTERDICTION OF JAMES NORRIS SCHOOLER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2022-5640
HONORABLE CLAYTON A. DAVIS, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

AFFIRMED IN PART;
REVERSED IN PART AND REMANDED.

**Kenneth Michael Wright**
**203 W. Clarence Street**
**Lake Charles, LA 70601**
**Phone: (337) 439-6930**
**Fax: (337) 439-6730**
**Pro Se Plaintiff/Appellant**

**James E. Sudduth, III**
**Sudduth & Associates, LLC**
**1109 Pithon Street**
**Lake Charles, LA 70601**
**Phone: (337) 480-0101**
**Fax: (337) 419-0507**
**Counsel for Defendants/Appellees:**
　　　**James and Patricia Schooler**

**FITZGERALD, Judge.**

This appeal stems from the trial court judgment sustaining Defendants' declinatory exception of insufficiency of service of process and dismissing Plaintiff's interdiction suit without prejudice.

## FACTS AND PROCEDURAL HISTORY

On November 18, 2022, Kenneth Michael Wright filed a petition for interdiction against James Schooler. The petition cumulated other actions, including an action for injunctive relief against James and his wife, Patricia Schooler. In response, on November 30, 2022, James and Patricia filed numerous exceptions, including the declinatory exception of insufficient service of process.

The trial of the exceptions was held on December 21, 2022. After taking the matter under advisement, the trial court issued a signed written judgment dated January 11, 2023. In that judgment, the trial court sustained the exception and dismissed the petition for interdiction without prejudice. Kenneth appealed.

On appeal, Kenneth asserts two assignments of error:

I.      The District Court erred in holding that service on Patricia Schooler, who had the authority "to accept service of process on behalf of principal" (James Norris Schooler pursuant to a power of attorney) . . . was insufficient warranting a granting of the Declinatory Exception.

II.     The District Court erred in dismissing the Petition for Interdiction without prejudice.

James and Patricia, on the other hand, have requested sanctions against Kenneth under La.Code Civ.P. art. 4543(B).

**LAW AND ANALYSIS**

*First Assignment of Error*

It is important to note that we review trial court judgments for errors. Yet here, Kenneth's first assignment misstates the judgment of the trial court. Indeed, the January 11, 2023 judgment first finds that "Louisiana Code of Civil Procedure article 4543 mandates personal service upon defendant, Jim Schooler; the testimony of Patricia negated the presumption of personal service shown on the service return; and therefore the Schoolers' declinatory exception of improper service is granted." The judgment then states, "It is, therefore, hereby ordered, adjudged, and decreed that Kenneth Michael Wright's Petition for the Interdiction of James Norris Schooler is dismissed, without prejudice."

Thus, the issue before us is whether the trial court erred in sustaining the declinatory exception. Since evidence was adduced at the trial of the exception, we review this issue under the manifest error standard.

The burden of proof at the trial of the declinatory exception was on James and Patricia. They had to prove insufficient service by a preponderance of the evidence. Also, the sheriff's service return is presumed correct and establishes a prima facie case of valid service. La.Code Civ.P. art. 1292(A).

The service return here reflects personal service on James. Thus, to overcome the presumption of valid service, James and Patricia were required to present evidence. And they did just that: Patricia testified that personal service was not made on James. Instead of personally serving James, the process server handed the citation and petition intended for James to Patricia.

At this point, the presumption was overcome, and the burden of persuasion shifted to the plaintiff to introduce evidence that proper service was made on James.

Yet Kenneth failed to introduce any evidence: he did not call any witnesses; he did not introduce any writings, recordings, or photographs; no stipulations were made by the parties and accepted by the court; and the trial court was not asked to take judicial notice of any adjudicative fact or legal matter. [1]

For these reasons, the trial court did not manifestly err in finding that the presumption of valid service had been overcome and sustaining the declinatory exception of insufficient service.

*Second Assignment of Error*

Kenneth's second and final assignment of error asserts that the trial court erred in dismissing his petition for interdiction. Because this assignment questions the trial court's application of La.Code Civ.P. art. 932, the appropriate standard of review is de novo.

Louisiana Code of Civil Procedure Article 932 states:

> A. When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the court finds, on sustaining the objection that service of citation on the defendant was not requested timely, it may either dismiss the action as to that defendant without prejudice or, on the additional finding that service could not have been timely requested, order that service be effected within a specified time.

> B. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed; except that if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.

---

[1] Significantly, the power of attorney alluded to by Kenneth in his first assignment or error was not introduced into evidence. But even if it had been, there is no record evidence to suggest that James was personally served through Patricia as his agent or legal representative. Thus, the legal question of whether personal service of a petition for interdiction can be made through a defendant's agent or legal representative is not before this court.

In our case, the trial court dismissed Kenneth's petition without prejudice. Kenneth argues that instead of dismissal, he should have been given more time to effectuate personal service on James. In support, Kenneth points to *Interdiction of Hunter,* 18- (La.App. 4 Cir. 12/19/18), 318 So.3d. 784, 788, *writ denied,*19-208 (La. 4/8/19), 267 So.3d. 608. There, the fourth circuit explained as follows:

> In an interdiction proceeding, personal service of the citation and petition is required. La. C.C.P. Art. 4543. In the instant case, the Plaintiff's domiciliary service of the citation and petition upon the Defendant's son, Damion Hunter, was insufficient service upon the Defendant. Therefore, the trial court correctly sustained the declinatory exception. However, this finding does not dictate dismissal. *West v. Melancon,* 02-1335, p.3 (La. App. 4 Cir. 3/19/03), 843 So.2d 485, 487. "Dismissal is a 'drastic remedy' reserved for extreme circumstances in which all procedural safeguards have been followed." *Id.,* 02-1335, pp. 3-4, 843 So.2d at 487.

> A procedural safeguard provided by the Code for this context is set forth in La. C.C.P. art. 932, which provides: "[w]hen the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court." La. C.C.P. art. 932 (emphasis supplied). "When the ground[] for the exception is insufficiency of service of process, 'the plaintiff usually can cure the defect by having a new citation issued and served.'" *West,* 02-1335, p.4, 843 So.2d at 487-88 (quoting 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 8.2 (1999)).

> Since the improper service of the petition can be cured by the Plaintiff requesting and obtaining personal service of process on the Defendant, the trial court erred in failing to allow her an opportunity to do so, as required by La. C.C.P. art. 932. Accordingly, we reverse and remand the matter to allow the plaintiff an opportunity to cure the defect in the service of process.

Like *Interdiction of Hunter*, Kenneth could have cured the service defect by having a new citation issued and personally served on James. The trial court therefore erred in failing to allow Kenneth the opportunity to do so as required by La.Code Civ.P. art. 932.

*Request for Sanctions*

In their opposition brief, James and Patricia argue that "[b]ecause Kenneth failed to comply with nearly all service and notice requirement[s], including his mandate to mail copies of the petition by certified mail," he should have been sanctioned under La.Code Civ.P. art. 4543(B). We disagree.

First, while the request for sanctions was before the court on December 21, 2022, no evidence was adduced by James or Patricia to prove that Kenneth failed to comply with La.Code Civ.P. art. 4543(B), which states:

> B. Within three days of filing the petition, the petitioner shall mail a copy of the petition by certified mail, return receipt requested, to the last known address of each other person named in the petition. Failure to mail a copy of the petition to any such person shall not affect the validity of the proceeding, but may subject the petitioner or his attorney to sanctions.

And second, the judgment on appeal is silent as to sanctions. "[I]t is well established that a when a judgment is silent as to an issue, the issue is considered rejected." *Murphy v. Brookshire Grocery Co.*, 02-808, p. 2 (La.App. 3 Cir. 12/11/02), 832 So.2d 1157, 1160. In short, because James and Patricia did not answer Kenneth's appeal, we have no jurisdiction to determine whether sanctions should have been imposed. La.Code Civ.P. art. 2133(A).[2]

**DECREE**

We affirm the part of the trial court's judgment that sustained the declinatory exception of insufficiency of service of process.

---

[2] In relevant part, La.Code Civ.P. art. 2133(A) provides: "An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded[.]"

We reverse the part of the judgment that dismissed Kenneth Michael Wright's petition for interdiction, and we remand this case to the trial court to specify an appropriate delay for Kenneth Michael Wright to cure the service defect.

And we assess the costs of this appeal to Kenneth Michael Wright.

**AFFIRMED IN PART;**
**REVERSED IN PART AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.