649 So.2d 1251 (1995)
James ARCHER, Plaintiff-Appellant,
v.
TUDOR CONSTRUCTION CO., Defendant-Appellee.
No. 94-850.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1995.
*1252 Earl Arthur Maxwell, New Orleans, for James Archer.
Samuel Newman Poole, Jr., Alexandria, for Tudor Const. Co.
Before KNOLL, SAUNDERS and AMY, JJ.
KNOLL, Judge.
The sole issue on appeal is whether the Office of Worker's Compensation abused its discretion by dismissing the plaintiff's case with prejudice pursuant to LSA-C.C.P. Art. 1672(A) because the plaintiff failed to appear on the day set for trial. We affirm.

FACTS
The record contains the following facts. James Archer filed a claim for disputed compensation against Tudor Construction Company in the Office of Worker's Compensation on June 4, 1992. Trial was set for March 12, 1993. Neither Mr. Archer nor his attorney appeared on the day set for trial. After waiting thirty-nine minutes, counsel for Tudor Construction Company moved to dismiss the plaintiff's claim with prejudice pursuant to LSA-C.C.P. Art. 1672(A). The hearing officer granted the motion and dismissed plaintiff's case with prejudice.

EVIDENCE ATTACHED TO PLAINTIFF'S BRIEF
On appeal, plaintiff argues that the hearing officer erred by dismissing this case with prejudice. Rather, the plaintiff contends that a dismissal without prejudice is more appropriate considering the unique circumstances of this case. Using evidence appended to his appellate brief, the plaintiff asserts that defense counsel improperly moved for dismissal with prejudice of the plaintiff's case because plaintiff had suggested that defense counsel would enter a joint motion for a continuance on behalf of the plaintiff on the date of trial. Because the evidence attached to the plaintiff's brief was not made part of the record, we are precluded from considering it and recognize that it can play no part in our decision. LSA-C.C.P. Art. 2164; Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965); Jensen v. Jensen, 93-455 (La.App. 3d Cir. 1/5/94), 630 So.2d 959; Tranum v. Hebert, 581 So.2d 1023 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991).

*1253 INVOLUNTARY DISMISSAL PURSUANT TO LSA-C.C.P. ART. 1672(A)
Involuntary dismissal of a plaintiff's case for failure to appear on the day set for trial is governed by LSA-C.C.P. Art. 1672(A), which states:
A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
The express language of the article allows the court to decide whether the dismissal is with or without prejudice. In deciding whether to dismiss with or without prejudice pursuant to LSA-C.C.P. Art. 1672(A), a trial court is afforded great discretion. As recognized by the First Circuit in Malter v. McKinney, 310 So.2d 696, 698 (La.App. 1st Cir.1975):
The trial judge is much more familiar with the conditions and requirements of his trial docket than are we. We have no doubt that contribution to his decision to dismiss with prejudice were considerations respecting the condition of his docket, fairness not only to both these parties but also to other litigants in his court, and the needs of an orderly and prompt administration of justice.
We have carefully reviewed the record and have found nothing in it to excuse plaintiff's absence from trial, which exposed him to a dismissal with prejudice. By the same token, we have not found anything in the record that would not support the hearing officer's wide discretion to dismiss plaintiff's suit with prejudice. As stated in Malter v. McKinney, supra, the hearing officer is best familiar with her trial docket. She knows the conditions and requirements of her docket, the need for promptness and fairness to other litigants in her court, and the need for an orderly and prompt administration of justice. We recognize that a dismissal with prejudice is a harsh remedy, but a failure to appear for trial begs for reproach.
The trial court's decision to dismiss a case with or without prejudice is reviewed on appeal pursuant to an abuse of discretion and manifest error standard. Accord Horton v. McCary, 93-2315 (La. 4/11/94), 635 So.2d 199; Sauce v. Bussell, 298 So.2d 832 (La. 1974). Accordingly, after reviewing the facts properly before us in the record, we find that the hearing officer committed no abuse of discretion by dismissing the plaintiff's case with prejudice.

DECREE
For the foregoing reasons, the judgment dismissing the plaintiff's case with prejudice is hereby affirmed. All costs of this appeal are assessed to the plaintiff.
AFFIRMED.