704 So.2d 424 (1997)
Mary J. JACKSON, et al., Plaintiffs-Appellants,
v.
ROYAL INSURANCE COMPANY, et al., Defendants-Appellees.
No. 97-723.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1997.
Dele A. Adebamiji, Anselm N. Nwokorie, Baton Rouge, for Mary J. Jackson, et al.
*425 John S. Thibaut Jr., Baton Rouge, for Royal Insurance Company, et al.
Before PICKETT, COOKS and WOODARD, JJ.
COOKS, Judge.
The district court dismissed, with prejudice, plaintiff's action after she and her counsel failed to appear at trial. Plaintiff, however, filed a motion to continue several days prior to the trial date. The motion was neither formally granted nor denied by the trial court until after the case was dismissed. Plaintiff lodged this appeal and complains that the court failed to consider her motion prior to dismissing the suit. We find no reversible error and, thus, affirm the lower court's ruling.

FACTS
Plaintiff, Mary J. Jackson, while shopping at "One Price Clothing Store" in Alexandria, allegedly fell and seriously injured herself. On February 22, 1996, she filed suit in the Ninth Judicial District Court for damages claimed as the result of the alleged slip and fall. Her minor children were also named as plaintiffs, asserting claims for loss of consortium.
After many months of settlement discussions and unsuccessful mediation, trial was scheduled for February 18, 1997. However, on February 4, 1997, plaintiff's attorney sent a Motion and Order to Continue to the Clerk of Court, requesting that the clerk forward the order to the trial judge for his signature. A copy was also sent to the defendant's counsel, who plaintiff's attorney claims orally agreed to the continuance. On February 18, 1997, the defense attorney appeared before the court for trial, as scheduled. Both plaintiff and her attorney were absent. At the judge's behest, the defendants motioned the court to dismiss the action, with prejudice. The motion was granted, which was merely a matter of procedure considering it was made at the judge's prompting. Later, the trial judge formally denied plaintiff's motion for continuance.
Plaintiff designates as error the trial court's dismissal with prejudice, arguing "such dismissal with prejudice is contrary to law, excessive as punishment, abuse of discretion and too harsh." Secondly, plaintiff avers the trial court should not have dismissed her suit because she was not given notice of the "pending hearing of her Motion to Continue." Plaintiff's assignments are interrelated. Both allegations question the trial court's authority to dismiss her case with prejudice prior to entertaining her timely filed motion to continue.

DISCUSSION
Pursuant to the Louisiana Code of Civil Procedure, a dismissal "shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial." La.Code Civ.P. art. 1672(A). In such case, the court shall determine whether to enter the judgment of dismissal with or without prejudice. Id.; Archer v. Tudor Const. Co., 94-850 (La.App. 3 Cir. 2/15/95), 649 So.2d 1251.
The similarities between Archer and the case before us are compelling. James Archer filed a claim for disputed compensation on June 4, 1992. Trial was set for March 12, 1993; but neither Archer nor his attorney appeared on the day set for trial. His employer motioned to dismiss the case with prejudice pursuant to La.Code Civ. P. art. 1672(A); and, the motion was granted. Archer, using evidence attached to his appellate brief, argued "defense counsel improperly moved for dismissal with prejudice ... because plaintiff had suggested that defense counsel would enter a joint motion for a continuance on behalf of the plaintiff on the date of trial." Id. at 1252.
We cited Malter v. McKinney, 310 So.2d 696, 698 (La.App. 1 Cir.1975) which recognized:
[t]he trial judge is much more familiar with the conditions and requirements of his trial docket than are we. We have no doubt that contribution to his decision to dismiss with prejudice were considerations respecting the condition of his docket, fairness not only to both these parties but also to other litigants in his court, and the *426 needs of an orderly and prompt administration of justice.
Archer, 649 So.2d at 1253.
A trial judge has wide discretion in the control of his docket, in case management and in determining whether a motion for continuance should be granted. Willey v. Roberts, 95-1037 (La.App. 1 Cir. 12/15/95), 664 So.2d 1371, writ denied 96-0164 (La.3/15/96), 669 So.2d 422. Furthermore, it is well settled that the trial court's dismissal of a cause of action based upon plaintiff's failure to appear for trial will not be reversed absent a showing that the trial court abused its discretion. Proctor v. Calahan, 95-210 (La.App. 3 Cir. 8/30/95), 663 So.2d 110; Keyes v. Johnson, 542 So.2d 209 (La.App. 3 Cir.), writ denied, 546 So.2d 1215 (La.1989).
We do agree with plaintiff that dismissal with prejudice is an exceptionally "harsh remedy." Archer, 649 So.2d at 1253. As in Archer, however, "we have not found anything in the record that would not support the [trial judge's] wide discretion to dismiss" this lawsuit. Id.
Although plaintiff's attorney suggests opposing counsel agreed to a continuance and attaches a facsimile sent to the trial judge reflecting his understanding, there is no evidence in the record justifying his belief that the trial judge would upset the scheduled trial.[1] Jackson asserts, further, her counsel's scheduled appearance in federal court in Lafayette on the same day renders his absence "involuntary," which should excuse his failure to appear. In response, we note that conflicting trial dates are not listed among the peremptory grounds for continuances enumerated in La.Code Civ.P. article 1602. See Rodriguez-Farr Ins. Agency, Inc. v. Sharp, 431 So.2d 889 (La.App. 2 Cir.1983).
Jackson also argues her suit should not have been dismissed with prejudice because of "extenuating circumstances and others not mentioned herein." She states her attorney's "failure to appear is clearly that of inability rather than wilfulness." We do not find her argument convincing. The record indicates that trial was set in October 1996, which was verified by defense counsel at oral argument. Plaintiff's counsel, on the other hand, failed to appear at oral argument; thus, we were not graced with any contradictory expressions from him. Evidently, plaintiff's counsel was aware of the alleged conflict between trials more than one month before the trial date. He had ample time to explain the situation to the trial judge or seek supervisory relief from this court. Instead, he unilaterally decided he would not appear, apparently assuming the motion would be granted. Unfortunately for plaintiff, "a failure to appear for trial" is the type of irresponsibility that "begs for reproach." Archer, 649 So.2d at 1253. The trial judge ordered all parties to appear for trial on February 18, 1997; no contrary ruling or order was issued. We can find no reversible error where a trial court asserts its inherent power to enforce its lawful orders. Plaintiff's first assignment of error has no merit, and is denied.
Lastly, Jackson argues "one would contemplate the fundamental requisite of due process of law should afford one the opportunity to be heard." She cites La.Code Civ.P. art. 1605, which provides "[e]very contested motion for a continuance shall be tried summarily and contradictorily with the opposite party," and suggests the trial judge committed a procedural error by not scheduling a hearing on the motion prior to dismissing her suit. Her reliance on article 1605 is mistaken. The opposite party in this case was the defense, who, as we have already noted, was represented by counsel at trial. The defense did not "contest" the motion. In fact, plaintiff's counsel represents that the defense "agreed" to the continuance. Thus, a hearing was not required, because the mandate of Article 1605 does not apply. Jackson's motion was simply a moot consideration on February 21, 1997, as the action had already been dismissed. Jackson's second assignment of error is also without merit.

*427 DECREE
For the above reasons, we affirm the trial court's judgment dismissing plaintiff's suit with prejudice. Plaintiff-appellant is cast for all costs associated with this appeal.
AFFIRMED.
NOTES
[1] We note the evidence attached to the plaintiff's brief was not made part of the record and, thus, "it can play no part in our decision." Archer, citing La.Code Civ.P. art. 2164; Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965); and Jensen v. Jensen, 93-455 (La.App. 3 Cir. 1/5/94), 630 So.2d 959.