# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-579


**HARRY JOHN WALSH, JR., ET AL.**

**VERSUS**

**DR. JASON MORRIS, ET AL.**


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,306
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese,
Judges.


**REVERSED.**


**Jean Walsh**
**In Proper Person**
**2511 33rd Avenue**
**Meridian, Mississippi 39301**
**Plaintiff/Appellant:**
  **Jean Walsh**

**David R. Sobel**
**Provosty, Sadler, deLaunay,**
 **Fiorenza & Sobel**
**Post Office Drawer 1791**
**Alexandria, Louisiana 71309-1791**
**(318) 445-3631**
**Counsel for Defendants/Appellees:**
  **Dr. Jason Morris**
  **Louisiana State University Medical Center—Family Practice Clinic**

**SULLIVAN, Judge**.

Jean Walsh appeals the dismissal of the medical malpractice lawsuit filed by her and her husband. For the following reasons, we reverse.

### *Facts and Procedural Background*

Harry Walsh was a patient of the LSUHSC Family Practice Medical Center (Medical Center) in Alexandria, Louisiana, for a period of time beginning in 2001. Pertinent to this matter are visits he made to the Medical Center on April 30 and May 5 and 6, 2003. On April 30, Mr. Walsh presented to the Medical Center with complaints of dizziness and stated that he had been doing yard work without drinking enough liquids. Mr. Walsh was being treated by the Medical Center for high blood pressure, and he related recent blood pressure readings he had obtained when visiting Wal-Mart. The staff physician, Dr. Brian Morris, recommended that Mr. Walsh remain adequately hydrated and to return if his symptoms persisted.

Mr. Walsh returned to the clinic on May 6, complaining of dizziness and some chest discomfort, which Dr. Morris believed were related to his heart beating rapidly. Mr. Walsh told Dr. Morris that he had been working in his yard despite his chest discomfort. Dr. Morris ordered an EKG, which revealed that Mr. Walsh was in atrial fibrillation. According to Mr. Walsh's chart, Dr. Morris wanted to admit Mr. Walsh into the hospital and/or wanted him to consult with a cardiologist, but Mr. Walsh refused.

Mr. Walsh returned the next day as recommended by Dr. Morris. Another EKG was performed, which revealed that he was still in atrial fibrillation. Mr. Walsh told Dr. Morris that he felt better, explaining that his heart still was beating fast but

1

not as fast as the previous day.  Dr. Morris made changes in Mr. Walsh's medication and scheduled him to return in one month.

On May 11, 2003, Mr. Walsh suffered a massive stroke which caused partial paralysis and brain damage.  He was hospitalized for some time at Christus St. Francis Cabrini Hospital and was then transferred to a rehabilitation facility.  In June 2003, he returned home where his wife cared for him until his death on November 19, 2006.

Believing Dr. Morris committed malpractice in his medical treatment of Mr. Walsh, the Walshes filed a complaint against him and LSUHSC Family Practice Center with the Patient's Compensation Fund.  The medical review panel rendered a unanimous opinion that Dr. Morris's treatment of Mr. Walsh did not fall below the standard of care.

On May 9, 2006, Mrs. Walsh filed this medical malpractice suit pro se. Defendants sought and were granted a thirty-day extension of time within which to file an answer.  On August 7, Defendants filed a Dilatory Exception of Vagueness, Motion to Strike and Exception of No Cause of Action and Request for Attorneys Fees and a Motion to Dismiss.  The Motion to Dismiss was based on La.R.S. 40:1299.47(I)(2)(c), which requires the plaintiff in a medical malpractice suit to post cash or a bond if the medical review panel renders a unanimous opinion in favor of the health care provider.  Mrs. Walsh deposited the sum of $2,981.30 as specified in Defendants' Motion to Dismiss with the Clerk of Court by check dated August 11.

A hearing was set on Defendants' Exceptions and Motion for September 11. The parties appeared for the hearing as scheduled; however, the hearing was rescheduled for October 2.  Mrs. Walsh did not attend the October 2 hearing, and the

2

trial court granted the relief sought by Defendants in their Dilatory Exception of Vagueness, Motion to Strike and Exception of No Cause of Action, and Request for Attorneys Fees, ordering Mrs. Walsh to amend her Petition within thirty days or face dismissal of her claims, to strike the request for a specific damage award from the Petition, and to pay attorney fees in the amount of $500.00 to defense counsel. On October 9, Mrs. Walsh filed a Revised Petition as ordered by the trial court.

Defendants then filed an Answer and, on October 19, filed a Motion for Summary Judgment, seeking dismissal of all claims against them. By order dated October 23, a hearing on the Motion for Summary Judgment was scheduled for November 13.

On October 20, Mrs. Walsh wrote a letter to the Clerk of Court, indicating that she had filed a request for a continuance of the matter on September 18. The September 18 letter is not in the record, but Mrs. Walsh attached a copy of her September 18 letter to her October 20 letter. In her September 18 letter, Mrs. Walsh requested a one-year continuance to allow her time to find legal representation. On October 26, the trial court issued an order continuing the matter from October 9 until January 8, 2007. The record does not contain an order setting a hearing for October 9.

On November 4, Mrs. Walsh wrote another letter, asking for a continuance of the November 13, 2006 and January 8, 2007 hearings until sometime in June 2007, stating her "husband's health had taken a turn for the worse." The trial court denied the request. On November 13, Defendants filed a Motion to Continue and Reset Hearing Date of its motion for summary judgment because service had not been effected on the Walshes, as prescribed in La.Code Civ.P. art. 966(B). Defense

3

counsel appeared in court for the scheduled hearing, and the trial court reset the hearing for January 8, 2007. Mrs. Walsh did not attend the hearing.

By letter written November 29, Mrs. Walsh notified the trial court that Mr. Walsh died on November 19. She did not specifically request a continuance of the hearing scheduled for January 8, 2007, but asked for "time in which to go through the grieving process so that my mind will be able to focus on what I need to do." A handwritten notation on the letter reads: "File into record." The initials "G.M." and the date "12-5-06" appear under the notation.

Defendants' Motion for Summary Judgment was heard January 8 as scheduled. Mrs. Walsh did not attend, and the trial court granted judgment, dismissing all claims against Defendants. On February 22, 2007, Mrs. Walsh filed a letter appealing the judgment.

### Assignments of Error

Mrs. Walsh directed a letter to this court concerning her appeal in which she asserts that she was unable to attend the hearing on Defendants' Motion for Summary Judgment due to her husband's illness. She further states: "I requested an extension and that request was denied." We read Mrs. Walsh's letter as assigning error with the trial court's denial of her request for a continuance of the hearing on Defendant's Motion for Summary Judgment and its grant of summary judgment in favor of Defendants.

### Motion to Continue

"[A] continuance may be granted in any case if there is good ground therefor." La.Code Civ.P. art. 1601. The trial court has great discretion in granting or denying a motion for a continuance, and denial of a continuance will not be disturbed on

4

appeal, unless the trial court is shown to have abused its discretion. *Jackson v. Royal Ins. Co.*, 97-723 (La.App. 3 Cir. 12/17/97), 704 So.2d 424. Whether a trial court should grant or deny a continuance depends on the particular facts of each case.

Some factors to consider in denying or granting a continuance are diligence, good faith, and reasonable grounds. *Demopulos v. Jackson*, 33,560 (La.App. 2 Cir. 6/21/00), 765 So.2d 480. Fairness to both parties and the need for orderly administration of justice are additional considerations in deciding whether to grant or deny a continuance. *Gilcrease v. Bacarisse*, 26,318 (La.App. 2 Cir. 12/7/94), 647 So.2d 1219, *writ denied*, 95-421 (La. 3/30/95), 651 So.2d 845.

Mrs. Walsh requested three continuances in her correspondence: 1) a one-year continuance in her September 18, 2006 letter which was attached to her October 20, 2006 letter; 2) a continuance of the November 13, 2006 hearing on Defendants' Motion for Summary Judgment, and 3) a continuance of the January 8, 2007 rescheduled hearing on Defendants' Motion for Summary Judgment. The trial court may have thought that it had granted her continuances of two hearings, one scheduled for October 9 and one scheduled for November 13; however, it only granted a continuance of the November 13 hearing on Defendants' Motion for Summary Judgment because no hearing was scheduled for October 9. Furthermore, the November 13 hearing date was premature because Defendants' Motion for Summary Judgment had not been effected on the Walshes fifteen days before that date. Therefore, Mrs. Walsh had not actually been granted any continuance when she requested a continuance of the January 8, 2007 hearing in her November 4 letter.

We recognize that the trial court may not have realized these facts when it denied Mrs. Walsh's November 4 and November 29 requests for a continuance

5

because Defendants did not file their Motion to Continue the November 13 hearing date until the day of the hearing. Nevertheless, we find the trial court's denial of a continuance of the January 8, 2007 hearing to be an abuse of process in light of the facts preceding the November 13 hearing date and the death of Mr. Walsh on November 19.

This conclusion is based in part on Mrs. Walsh's diligence and good faith in attempting to proceed with this litigation, which is evidenced by prompt payment of costs for the medical review panel, attendance in court on September 11, and amendment of the Petition after being ordered to do so. Furthermore, we find that her request for a continuance of the January 8 hearing was reasonable in light of Mr. Walsh's death on November 19.

Our conclusion is also based on Defendants having been granted a thirty-day extension of time to file an answer and a continuance of the November 13 hearing which was necessitated by their failure to obtain service on the Walshes in a timely fashion. Additionally, the Walshes' complaint was filed with the Division of Administration in March 2004, and a medical review panel was appointed but did not render an opinion until February 16, 2006. There is no indication that the medical review panel's delay in rendering an opinion is the fault of the Walshes. Under the circumstances presented herein, continuance of the January 8 hearing would have been fair and would not have unduly delayed this litigation which had been pending for only eight months.

### Disposition

The trial court's grant of summary judgment in favor of Defendants is reversed. Mrs. Walsh is given ninety days from the rendition date of this opinion within which

6

to secure counsel or proceed pro se.  After said ninety-day period has lapsed, then either party may proceed as desired.

**REVERSED.**

7