NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-0578

WAYNE AND HAZEL PRATER

VERSUS

TOWN OF ELTON

************

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-382-07
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Wayne & Hazel Prater
In Proper Person
P.O. Box 1613
Kinder, LA 70648
PLAINTIFF/APPELLANT:
      Wayne & Hazel Prater

Roderick G. Bertrand
Attorney at Law
P.O. Box 790
Kinder, LA 70648
(337) 738-2568
COUNSEL FOR DEFENDANT/APPELLEE:
      Town of Elton

PETERS, J.

The plaintiffs, Wayne and Hazel Prater, appeal the trial court's judgment dismissing their suit against the Town of Elton, Louisiana, wherein they sought reversal of the town's decision to condemn for demolition a building situated on property owned by them. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

The plaintiffs own immovable property in the Town of Elton. The property carries the municipal addresses of 913 and 917 Main Street. While both lots have physical structures, the main structure at issue is a building which used to be the Town Hall for the Town of Elton. On September 12, 2006, Franklin D. DeRosier, a licensed building contractor, inspected the structures at the request of the town. Based on the conclusions reached in his report, the town's mayor, Catherine Hollingsworth, sought to have the structures condemned and removed.

At its May 14, 2007 meeting, Elton's Town Council passed two motions: one to have the structures on the plaintiffs' property condemned as a danger to the surrounding buildings, and one giving the plaintiffs thirty days to remove their property and to have the buildings removed. The plaintiffs responded to this action by filing the suit now before us. In their petition, they asserted that the structures posed no danger to the public and sought reversal of the condemnation action. Additionally, the plaintiffs questioned the authority of Mr. DeRosier to perform an inspection. The matter went to trial on February 1, 2008.

At trial, the Town of Elton offered a number exhibits and the testimony of four witnesses in support of its position that the property should be condemned. Mrs. Prater testified on behalf of the plaintiffs, and they filed one exhibit. The Town's

exhibits included the report Mr. DeRosier prepared after his September 12, 2006 inspection, a document reflecting notice to the plaintiffs of the condemnation hearing, minutes of the meeting wherein the condemnation took place, photographs of the property taken at the time of Mr. DeRosier's inspection, and photographs taken immediately before trial. The sole exhibit provided by the plaintiffs consisted of photographs of adjacent property.

The combined testimony of Mayor Hollingsworth, Mr. DeRosier, Anward Mayeaux (the owner of the pharmacy located immediately adjacent to the condemned property), and Chad Carrier (Elton's Chief of Police) established without question that the property is in an extreme state of disrepair to say the least. The ceiling in the old Town Hall has fallen down; the wooden walls are rotten, as are the ceiling joists and rafters; the roof has holes in it; there are foundation problems; and the property is infested with rodents and other wild animals. Not only does the building constitute a danger to the general public as well as the adjacent landowners, but it constitutes a dangerous attraction to young children who must pass it every day while going to and from school. The remaining structures are in no better shape, and the property is grown over and, in the words of Mayor Hollingsworth, "full of junk." Mr. DeRosier testified that the damage was so extensive that the structures were not salvageable.

Mrs. Prater's testimony only addressed the lack of available funds to make repairs and her attempts to have the old Town Hall placed on some Historical Register. On the one hand she asserted that most of the repair problems had arisen from a recent hurricane, but on cross-examination she acknowledged that she and her husband had been called before the Town Council in 2002 for similar problems. Her

2

principal defense was that the property was not open to the public and, therefore, not a danger to anyone. She admitted that she and her husband had sought no professional assistance to see whether the buildings could be salvaged and that the building was not insured for fire protection.

Upon completion of the evidentiary phase of the trial, the trial court immediately rendered judgment in favor of the Town of Elton, concluding that the town had carried its burden of proof. The plaintiffs then appealed, asserting five assignments of error.

**OPINION**

*Assignment of Error Number One*

The plaintiffs have represented themselves in the litigation from the beginning. They filed their petition on May 21, 2007, and on September 6, 2007, the trial court executed an order in response to a motion filed by the town setting the matter for trial on November 21, 2007. By a letter addressed to the Jefferson Davis Parish Clerk of Court dated October 16, 2007, the trial court reset the trial to January 23, 2008. Pursuant to a written motion filed by Mrs. Prater on January 22, 2008, the trial court reset the matter for February 1, 2008. The basis of Mrs. Prater's motion was that the attorney she had contacted to represent her could not be present on January 23 because of a conflicting trial in Cameron, Louisiana.

When asked on the day of trial whether the plaintiffs were ready to proceed, Mr. Prater informed the trial court that he had been unable to retain counsel to represent him and needed additional time. He indicated that one attorney would take his case, but needed thirty days to obtain the information necessary for the representation. Defense counsel said that he had spoken with the referenced attorney

3

and had been informed that the attorney had not agreed to represent the plaintiffs. The trial court denied the plaintiffs' motion for continuance.

In their first assignment of error, the plaintiffs assert that "the trial court erred in allowing the trial to begin with continuance to obtain legal counsel." Louisiana Code of Civil Procedure Article 1601 provides that "[a] continuance may be granted in any case if there is good ground therefor." The standard of review of the denial of a motion for continuance is an abuse of discretion standard. *Jackson v. Royal Ins. Co.,* 97-723 (La.App. 3 Cir. 12/17/97), 704 So. 2d 424. The plaintiffs had more than nine months to obtain legal counsel. We find no abuse of discretion in the trial court's denial of the plaintiffs' motion for continuance. Thus, we find no merit in the plaintiffs' first assignment of error.

### *Assignment of Error Number Two*

In their second assignment of error, the plaintiffs assert that the trial court erred in proceeding with the trial when all of the owners at interest had not been notified of the condemnation proceedings as required by La.R.S. 33:4762. Specifically, the plaintiffs assert that the town had failed to notify their ancestors in title from whom they purchased the property by credit sale deed. In their brief filed in this court, the plaintiffs assert that the terms of the credit sale deed have yet to be satisfied.

We first note that the plaintiffs failed to raise this issue at trial. Uniform Rules—Courts of Appeal, Rule 1-3 provides in pertinent part that "[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." In the interests of justice, we consider this assignment but reject it as having no merit. Louisiana Revised Statutes 33:4762(A) requires that

4

notice shall be served "on the *owner* of the building." (Emphasis added.) Contrary to the plaintiffs' argument, nothing in the statute requires notice to be served on the lien holder.

### Assignment of Error Number Three

In this assignment of error, the plaintiffs assert that they have been denied a fair trial because of the trial court's refusal to grant their request for a continuance. For the reasons expressed in our rejection of their first assignment of error, we find that this assignment has no merit. We find no abuse of discretion in the trial court's rejection of their request for a continuance.

### Assignment of Error Number Four

The plaintiffs complain in this assignment of error that the trial court erred in allowing Mayor Hollingsworth to remain in the courtroom during the trial. We find no merit in this assignment of error. Louisiana Code of Evidence Article 615(A)(2) provides that the rule of sequestration of witnesses does not apply to "[a] single officer or single employee of a party which is not a natural person designated as its representative or case agent by its attorney." The Town of Elton is not a natural person and Mayor Hollingsworth became its designated representative.

### Assignment of Error Number Five

In their final assignment of error, the plaintiffs assert that an error was committed during the litigation process because only one report of the Louisiana State Fire Marshal was given to them yet more than one report was filed with the trial court. Review of the record shows that no such report was filed into evidence at the trial. Therefore, we find no merit in this assignment of error.

5

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment in all respects.

We assess all costs of this appeal to Wayne and Hazel Prater.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.